Ham, Judge.
 

 The clause of the will, on which the question in this case turns, is as follows:
 
 “
 
 I will that my wife
 
 Mary Huson,
 
 shall have such a part of my land, as she with her children and negroes, which are left to her, can attend under crop annually, during her natural life or widowhood ; and the balance of clear land, I will that it be rented out by my executors, until my children come of age, to take it into their own possession.” It is stated that
 
 Mary Huson
 
 is since married ; and I suppose it may be taken for granted, that
 
 Elizabeth Huson
 
 wras of full age, when the petitioner purchased her interest in the land in question. Whether
 
 Ridley Huson
 
 died before or since that purchase, is not stated. If since, the petitioner has no right to his share of (he land. But Í suppose the real question intended to be submitted, is, whether the petitioner has a present right to have partition, consistently with that clause of the will before recited.
 

 The reason why the. devisor directed (he land to be rented out until his children came of age, was that before that time, they were presumed not to have sufficient capacity to manage it. Now, there was no one time, when all the children came of age — that event happened at different periods. When one of them came of age, he or she thereby acquired capacity tb manage his or her property, and that one had no concern in point of interest, whether the others were minors or not. The land was to be divided amongst them, and it made no difference with the minors, whether the one that was of age, managed his property or not. It is not stated in the case, that Hie
 
 *350
 
 land undivided, yielded more to each claimant, that it would do, when divided. Nor is there an appropriation made of the rents and profits of the. land for any particular purpose, or for any particular time, so as to prevent a partition as the children severally arrived at maturity. Again, suppose one of them to be of age, and others of them of very tender years,1 it may be ten or fifteen years, or perhaps a longer time, before, the one of age could be let into ibe possession of his land, although the infants w ould not be at all benefited, by a continuance of fbe tenancy in common.. Much injury might in such a case, be done to the elder branches of the family, and no possible benefit could result to the younger. I therefore think the petitioner has a right, at the present time, to have partition made, as prayed for in the petition.
 

 Per Curiam. — Judgment reversed, and judgment for the Demandant, that partition be made.